IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV 11-0437-PHX-SRB (ECV) |
| Plaintiff/Respondent, | CR 03-1161-PHX-SRB |
| vs. | **REPORT AND RECOMMENDATION** |
| Jose Antonio Verdugo-Munoz, | |
| Defendant/Movant. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1).[1]

**BACKGROUND**

On November 12, 2003, a grand jury indicted Movant on one count of knowingly or intentionally possessing with the intent to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Docs. 5, 155 of CR 03-1161-PHX-SRB). Following a three-day trial in January 2006, a jury found Movant guilty of the offense. (Doc. 135 of CR 03-1161-PHX-SRB). On April 11, 2006, after determining

---

[1] Unless otherwise indicated, the cited docket numbers are from the civil case that was opened upon the filing of the motion to vacate.

Movant had four prior felony convictions, the Court imposed a sentence of life imprisonment without the possibility of release. (Docs. 153, 155 of CR 03-1161-PHX-SRB).

Movant filed a Notice of Appeal on April 12, 2006. (Doc. 154 of CR 03-1161-PHX-SRB). The Ninth Circuit Court of Appeals affirmed the conviction and sentence on August 28, 2009. (Doc. 204 of CR 03-1161-PHX-SRB). According to the United States Supreme Court docket, Movant filed a petition for writ of certiorari and motion for leave to proceed in forma pauperis on October 27, 2009. The petition was denied on February 22, 2010.

On March 7, 2011, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1). He alleges two grounds for relief. First, Movant claims that his trial attorney provided ineffective assistance of counsel by failing to present a defense strategy at trial and by failing to adequately inform him of the consequences of rejecting the plea offer. Second, he alleges the trial court abused its discretion when it granted the government's motion to videotape a witness, thereby violating Movant's right to confront the witness under the Confrontation Clause.

Respondent first filed a Response to Motion to Vacate, Set aside or Correct the Sentence on April 28, 2011. (Doc. 6). This court subsequently directed Respondent to file a supplemental response addressing the merits of Movant's claims, which Respondent filed on October 24, 2011. (Doc. 11). Movant did not file a reply. On October 19, 2011, however, Movant filed the same memorandum that had already been submitted as an attachment to his motion to vacate. (Doc. 9).

**DISCUSSION**

The government contends in its supplemental response that Movant's claim of ineffective assistance should be denied because Movant fails to present anything beyond conclusory assertions to support the claim. Regarding Movant's second claim, Respondent contends that the videotaped testimony was never used at trial and thus there was no violation of the Confrontation Clause.

**A.     Ground One**

In the supporting memorandum attached to his motion to vacate, Movant appears to allege two claims of ineffective assistance of counsel. He first claims that his attorney presented an ineffective defense at trial. He next claims that his lawyer failed to explain the importance of accepting the available plea offer. Regarding the first ineffective assistance claim, Movant asserts that his attorney "failed to prepare a strategy of defense in contrast to the government's theory of the evidence and the government's witness[es] testimony, in regards to the validity and potential for an exchange of lenienty [sic] in a subsequent prosecution." (Doc. 1 at 15). He further contends that even though his attorney knew he was facing a life sentence if convicted, the attorney "prepared no defense" on his behalf. (Doc. 1 at 16). He claims his lawyer never challenged the sufficiency of the government's identification evidence or the credibility of the government's witnesses who testified and identified Movant in court. (Id.).

Regarding his second claim of ineffective assistance, Movant contends that his lawyer failed to communicate with him about his case, "rendering it impossible for him to make an intelligent decision regarding the plea offer, or informing him of the risks of rejecting it, by disclosing the strength of the government's case." (Doc. 1 at 15). He claims that a competent attorney would not have allowed his client to reject a plea offer without substantial warnings regarding the consequences of a rejection. (Doc. 1 at 16). He argues his lawyer should have "take[n] charge" of the plea offer to ensure Movant understood the nature of the charge and the severity of the consequences of going to trial. (Doc. 1 at 16-17).

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong

presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689-90.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. A defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citing Michael v. Louisiana, 350 U.S. 91, 101 (1955)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Movant's first claim of ineffective assistance consists of nothing more than vague and conclusory assertions that are unsupported by the record. Movant provides no specifics to support his claim that his lawyer "failed to prepare a strategy of defense" or "prepared no defense." It is not the court's responsibility to search the transcripts for specific actions by his lawyer that support his conclusory assertions. Movant bears the burden to show his lawyer's conduct fell below an objective standard of reasonableness and to show that but for his counsel's errors, the result of the proceeding would have been different. Here, Movant has done neither.

Movant's one somewhat specific contention regarding his lawyer's performance during trial is that his lawyer failed to challenge the government's identification evidence and the credibility of the witnesses who identified him. As Respondent demonstrates in its response, however, the record shows no support for this claim. Respondent cites specific examples from the record that show Movant's counsel challenged the admissibility of identification testimony and other evidence and, through cross-examination, challenged the credibility of key prosecution witnesses. (Doc. 11, Attachment - Trial Transcript 1/17/06 at 1-6, 15, 21, 32-34, 38-49, 142-155). Having failed to file a reply, Movant does not refute Respondent's argument, nor does he identify any specific incidents where his lawyer failed

1  to challenge identification testimony or the credibility of witnesses who provided such
2  testimony. Because Movant has shown no support in the record for his claim that his
3  lawyer's performance at trial was deficient, his first claim of ineffective assistance must fail.

4  Likewise, Movant's claim that his lawyer provided ineffective assistance by failing
5  to adequately inform him of the consequences of his plea agreement is without merit.
6  Movant entered a plea agreement during a change of plea hearing on December 14, 2004.
7  (Doc. 11, Attachment - Change of Plea Transcript). The plea agreement called for a
8  stipulated sentence of 121 months in prison. (Id. at 12-13). The District Court Judge,
9  however, subsequently rejected the stipulated sentence in the plea agreement and Movant
10 withdrew from the agreement. (Doc. 11, Attachment - Pretrial Conference Transcript at 13,
11 16-21). The prosecution extended another plea offer to Movant that called for 180 months
12 in prison, but Movant rejected it. (Id. at 32-33).

13 At the pretrial conference ten days before trial commenced, the prosecutor explained
14 on the record that he had the authority to re-extend the second plea offer up to the start of
15 trial. (Id. at 32-35). The District Court Judge indicated that this agreement would provide
16 a reasonable resolution of the case, suggesting the Court would accept it if Movant decided
17 to enter it. (Id. at 35). Earlier in that same hearing, the Court directly asked Movant if he
18 understood that if he was convicted at trial and found to have two prior drug trafficking
19 convictions, the Court would have no discretion and would have to impose a life sentence.
20 (Id. at 13-14). Movant stated that he understood. (Id. at 14). At another point in the hearing,
21 the Court confirmed that Movant faced a mandatory life sentence if convicted at trial with
22 prior drug trafficking convictions. (Id. at 6-8). Thus, the record clearly establishes that
23 Movant was adequately informed of, and understood, the consequences of going to trial. He
24 was also clearly informed that he still had the option of entering a plea agreement that called
25 for substantially less than a life sentence. Movant, however, chose not to enter the plea
26 agreement and instead went to trial.

27 Even if the court accepted Movant's self-serving and unsupported assertions that his
28 lawyer failed to adequately convey the consequences of rejecting the plea and going to trial,

the Court sufficiently conveyed that information to him during the final pretrial conference. Thus, Movant cannot demonstrate, nor does he even allege, that if his lawyer had adequately warned him about the risks of rejecting the plea agreement, he would have accepted the plea and avoided trial. Armed with the information from the Court about the risks of going to trial, Movant still made the decision to take his chances at trial. Movant himself admits in the memorandum attached to his motion to vacate that he understood he had the option of entering a new plea agreement calling for 180 months but chose to proceed to trial instead. (Doc. 1, Memorandum at 4). Nothing in his motion to vacate shows he would have decided differently if his lawyer had more forcefully communicated this information to him. This court therefore finds that Movant's second claim of ineffective assistance must also fail. Because Movant has failed to satisfy the Strickland standard for his ineffective assistance claims, the court will recommend that the claims in ground one be denied.

**B.  Ground Two**

Next, Movant claims that the trial court violated his rights under the Confrontation Clause when it granted the prosecution's motion to videotape a government witness's testimony. As Respondent explains, however, the witness who was videotaped because of an illness that prevented him from traveling was subsequently cleared by his doctor to travel. (Doc. 11, Attachment - Pretrial Conference Transcript at 4-6). As a result, the witness appeared at trial and testified in person. Movant leaves this fact out of his motion to vacate and thus fails to show how his Confrontation Clause rights were violated when the witness appeared in person at trial. Additionally, having failed to file a reply, Movant presents nothing on this issue beyond what is in his motion to vacate. The court therefore finds Movant's claim to be without merit and will recommend that ground two be denied.

**C.  Evidentiary Hearing**

Lastly, Movant requests that an evidentiary hearing be held in this matter. 28 U.S.C. § 2255 provides that a court shall grant a hearing to determine the issues "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." As explained above, neither the record in this case nor the information submitted

by Movant provide support for his claims. Rather, the record conclusively shows Movant is not entitled to relief. The court therefore finds that an evidentiary hearing is not warranted here.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **denied** and that the civil action (CV 11-0437-PHX-SRB (ECV)) be **dismissed**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 23rd day of January, 2012.

Edward C. Voss
United States Magistrate Judge